# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**JOHN D. SITAR and KENNETH K. SITAR,**
**Plaintiffs Below, Petitioners**

**v.) No. 24-ICA-23**   (Cir. Ct. of Hampshire Cnty. Case No. CC-14-2021-C-59)

**LINDA K. DECHAMBEAU, KENNETH L. HOPKINS,**
**GREGORY R. MCBRIDE, and JANE K. MCBRIDE,**
**Defendants Below, Respondents**

**FILED**
**February 28, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners John D. Sitar and Kenneth K. Sitar (collectively, "Sitars") appeal the Circuit Court of Hampshire County's December 20, 2023, final order following a bench trial awarding a prescriptive easement to the Respondents Linda K. DeChambeau, Kenneth L. Hopkins, Gregory R. McBride, and Jane K. McBride (collectively, "DeChambeau/McBride Respondents") over a road that traverses the Sitars' properties and accesses the DeChambeau/McBride Respondents' properties. The DeChambeau/McBride Respondents filed a joint response.[1] The Sitars filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the lower tribunal's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the lower tribunal's decision is reversed, and this case is remanded for the circuit court to issue a judgment order consistent with this decision.[2]

---

[1] John D. Sitar and Kenneth K. Sitar are represented by Richard G. Gay, Esq. Linda K. DeChambeau, Kenneth L. Hopkins, Gregory R. McBride, and Jane K. McBride are represented by J. David Judy, III, Esq., and Aaron M. Judy, Esq. WV Properties, LLC, and Kenneth Yoder, additional defendants below, settled their dispute with the Sitars following trial and are not participating in this appeal.

[2] On July 25, 2024, the Sitars filed a motion for leave to file a supplemental appendix requesting inclusion of a settlement agreement with WV Properties, LLC, and Kenneth Yoder in the record. Based on our decision herein, we refuse the motion for leave to file a supplement appendix filed by the Sitars as moot.

1

In November 2021, the Sitars filed a declaratory judgment action against WV Properties, LLC, Kenneth Yoder, Linda K. DeChambeau, Kenneth L. Hopkins, Gregory R. McBride, and Jane K. McBride in the Circuit Court of Hampshire County seeking a determination of what right, if any, the defendants had to Stoney Lonesome Road, a road that traverses the Sitars' properties. The defendants filed counterclaims asserting that Stoney Lonesome Road is a legal right of way by deed, necessity or prescription for the purpose of ingress and egress for farming, domiciles, recreation, necessities of life, habitation and all other general use.

Except for a small portion owned by WV Properties, LLC, which lies on the east side of the South Branch Potomac River, the land at issue in this case consists of multiple contiguous tracts (approximately 1807 acres) owned by the parties, lying just west of the Town of Romney, north of U.S. Route 50, and on the west side of the South Branch Potomac River, with the western bank of the South Branch Potomac River forming the eastern boundary of the various tracts for several miles in Hampshire County.  The tracts of land and the party that owns each tract, going from U.S. 50 and with the flow of the river, south to north, are as follows:

(i) 240 acres owned by Kenneth Sitar (3/4 interest) and notice defendant, Paul Williams, Timothy Williams and Eugene Williams (joint 1/4 interest) (previously known as the "Williams Farm").

(ii) 406.47 acres and 3.75 acres with residence owned by John Dan Sitar (part of what was previously known as the "Harmison Farm").

(iii) 906.261 acres total (3 tracts) owned by WV Properties, LLC (part of what was previously known as the "Long Farm") – includes 74.492 acre tract that contains a road (not Stoney Lonesome Road) running up and over Mill Creek Mountain from Fox Hollow Road (top of mountain) down to Kenneth Yoder's home (Kenneth is the sole member of WV Properties).

(iv) 190.5 acres owned by Kenneth Hopkins and Linda DeChambeau (part of what was previously known as the "Kuykendall Farm").

(v) 60 acres owned by Gregory McBride and Jane McBride (part of what was previously known as the "Kuykendall Farm"). Jane McBride is a Kuykendall descendant.

Stoney Lonesome Road ("Road") goes from U.S. Route 50 and runs approximately two miles through the Sitars' property north to the WV Properties, LLC's southern property line and provides access to the DeChambeau/McBride Respondents' properties.

A three-day bench trial was held upon the unresolved issues in the case: (1) whether any of the Respondents had an express right of way or easement for ingress to and egress

from their respective properties over the Road and a right of way from those Respondents' respective real estate running over and through the lands belonging to the Sitars to the intersection of the Road with U.S. Route 50 (the Northwestern Turnpike); and (2) whether any of the Respondents had a right of way or easement by prescription for ingress to and egress from their respective properties over the Road. The circuit court found that the DeChambeau/McBride Respondents proved by clear and convincing evidence that they held a prescriptive easement over the Road. The final order was appealed by both parties.

On appeal, we apply the following standard of review:

In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Public Citizen, Inc. v. First Nat'l Bank in Fairmont*, 198 W. Va. 329, 480 S.E.2d 538 (1996).

The Sitars raise six assignments of error[3] alleging that the circuit court erred because: (1) there was no evidence introduced at trial proving that use of Stoney Lonesome Road by the DeChambeau/McBride Respondents or their predecessors over the Sitars' property was adverse, constituted trespassing, or could have been prevented by resorting to law; (2) the DeChambeau/McBride Respondents failed to prove all prescriptive easement elements by clear and convincing proof; (3) the circuit court erred by failing to determine that evidence of neighborly relations was evidence of implied permission; (4) under *O'Dell v. Stegall*, 226 W. Va. 590, 703 S.E.2d 561 (2010), the circuit court erroneously shifted the burden of proof from the parties claiming the prescriptive easement to the Sitars; (5) directly contrary to *O'Dell*, the circuit court erroneously applied a presumption that the continuous and uninterrupted use of another's land for ten years is adverse; (6) the circuit court erroneously determined that the DeChambeau/McBride Respondents held an "implied prescriptive easement," because no such easement exists under West Virginia law.

The DeChambeau/McBride Respondents raise four cross-assignments of error: (1) use of the terms "by implication" and "as if they had a prescriptive easement" were unnecessary, without legal foundation, and in conflict with the findings of fact and conclusions of law; (2) the finding by the Court of limitations in Paragraph 58C, Page 23 of the order following bench trial are in conflict with the findings of fact and conclusions

---

[3] The Sitars raised a seventh assignment of error in their initial brief, but explicitly withdrew it in their reply brief.

of the circuit court and are not supported by legal authority; (3) the maintenance fees ordered by the circuit court are without foundation, factual support, or legal authority; and (4) this Court should revisit and overrule the allowance of "inferred permission" based on "neighborly relations" in cases such as this historical prescriptive easement necessary for existence of homes, farms and businesses.[4]

In *O'Dell v. Stegall*, the Supreme Court of Appeals of West Virginia ("SCAWV") provided clear guidance on what is necessary to establish a prescriptive easement, what the term "adverse use" means, and what evidence is required to establish it:

> A person claiming a prescriptive easement must prove each of the following elements: (1) the adverse use of another's land; (2) that the adverse use was continuous and uninterrupted for at least ten years; (3) that the adverse use was actually known to the owner of the land, or so open, notorious and visible that a reasonable owner of the land would have noticed the use; and (4) the reasonably identified starting point, ending point, line, and width of the land that was adversely used, and the manner or purpose for which the land was adversely used.

Syl. Pt. 1, *O'Dell v. Stegall*, 226 W. Va. 590, 703 S.E.2d 561 (2010).

"A person claiming a prescriptive easement must establish each element of prescriptive use as a necessary and independent fact by clear and convincing evidence, and the failure to establish any one element is fatal to the claim." *Id.* at Syl. Pt. 3. Adverse use of land is a wrongful use, made without the express or implied permission of the owner of the land. *Id.* at Syl. Pt. 5. Notably, the SCAWV held that "[t]o the extent our prior cases suggest that proof of adverse use is not required, or that the continuous and uninterrupted use of another's land for ten years is presumed to be adverse, they are hereby overruled." *Id.* at Syl. Pt. 7.

We turn to the question of whether the DeChambeau/McBride Respondents proved each element of prescriptive use of the Road by clear and convincing evidence. Based on

---

[4] This Court is not authorized to review and overrule decisions of the SCAWV. *See* Syl. Pt. 5, *Jackson v. Belcher*, 232 W. Va. 513, 753 S.E.2d 11 (2013) ("Judicial decisions rendered by the Supreme Court of Appeals of West Virginia are laws of this State."); *Barr v. Jackson*, 250 W. Va. 399, ___ , 903 S.E.2d 268, 274 (Ct. App. 2024) ("This Court, as a midlevel court of appeal, does not have the authority to review or overturn decisions of the SCAWV").

our review of the extensive record, we find that the DeChambeau/McBride Respondents did not prove a key element - adverse use of the Road.[5]

With respect to adversity, the DeChambeau/McBride Respondents contend that because everyone used the road without express permission, use of the Road was adverse. The Sitars assert that the Road was used with implied permission from the Sitars and their predecessors. The Sitars argue that the DeChambeau/McBride Respondents did not establish adversity by clear and convincing proof. The Sitars further argue that the evidence presented at trial proved the opposite. The evidence showed that everyone used the road with permission. Because permission need not be express, and can be implied by proof of neighborly relations, the Sitars argue, pursuant to the holdings in *O'Dell*, use of the Road could not have been adverse. We agree.

First, "[p]ermission may be inferred 'from the neighborly relation of the parties, or from other circumstances.'" *O'Dell*, 226 W. Va. at 613, 703 S.E.2d at 584 (quoting 4 *Powell on Real Estate*, § 34.10[2][a]).  Based on our review, the record is replete with trial evidence from both sides that use of the Road was with the implied permission of the Sitars and their predecessors. For example: (1) Respondent Hopkins testified that he was a friend of John Sitar, he had a neighborly relationship with all the other landowners to the north and that to access his property, John Sitar, and later John Dan Sitar, gave him locks, keys, and combinations, etc., to the gate if the gate was locked; (2) Richard Cauthorn, former owner of the McBride property, testified that his relationship with the Sitar family was very neighborly and that he never believed he was trespassing when using the Road; (3) Respondent Jane McBride, a Kuykendall descendent, testified that she knew the Sitar family very well and that she did not believe she was trespassing when using the Road; (4) DeChambeau/McBride Respondents' witness, Larry Stinson, a former member of a hunting club which used the Road for access, testified that he did not believe he was trespassing when using the Road, and assumed he was using the Road with permission; (5) DeChambeau/McBride Respondents' witness, Gary Buckbee, who was involved in the farming operation with his father and Richard Kuykendall, father of Respondent Jane McBride, testified he knew John Sitar well, that they were friends and neighbors and that he did not consider himself to be trespassing when using the Road; and (6) Petitioner John Dan Sitar testified that his family and the people who owned tracts north of their property were farmers; everybody worked together, shared what they had, it was a custom that you just could use the Road, and they never objected to use of the Road.

Secondly, the Sitars and their predecessors gave the DeChambeau/McBride Respondents and their predecessors keys and lock combinations so that they could open gates that otherwise barred access to the Road. We find that providing keys and lock

---

[5] The parties raise numerous assignments and cross-assignments of error on appeal. However, the failure to prove adversity and resulting failure to establish a prescriptive easement is dispositive, and we limit our review to the dispositive issue.

combinations is a clear indication that the Road was being used with permission. *See Carr v. Veach*, 244 W. Va. 73, 80, 851 S.E.2d 519, 526 (2020) (providing keys and remote controls to locks could not be a more obvious manifestation of permission).

The DeChambeau/McBride Respondents had the burden to establish that use of the Road was adverse, and they did not make that showing. Indeed, the trial evidence shows that the Road was used with implied permission for generations. Consequently, pursuant to the holdings in *O'Dell*, there is no adversity and can be no prescriptive easement. [6]

Accordingly, we reverse the December 20, 2023, final order and remand to the Circuit Court of Hampshire County to enter a judgment order consistent with this decision.

Reversed and Remanded.

**ISSUED:** February 28, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear

Judge S. Ryan White not participating

---

[6] Because Petitioners failed to establish that their use of the private road across Respondents' property was adverse, we do not address the remaining *O'Dell* factors. *See* Syl. Pt. 3, *O'Dell* ("failure to establish any one element is fatal to the claim" for a prescriptive easement).